# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF VIRGINIA
# ABINGDON DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA | )<br>)<br>) Case No. 1:09CR00022<br>) |
| v. | ) **OPINION AND ORDER**<br>) |
| WILLIAM DEEL, JR., ET AL., | ) By: James P. Jones<br>) Chief United States District Judge |
| Defendants. | ) |

The defendants in this case are charged with various criminal offenses arising from an alleged interstate theft ring. In advance of trial, the government has filed motions in limine, seeking to preclude the defendants from offering evidence or reference as to any defendant's "previous military service" (Doc. No. 193) or "medical conditions, diseases, or other physical disabilities that the defendants may have or have had during the dates alleged in the indictment" (Doc. No. 192). Certain of the defendants oppose the motions.

Upon argument, it is contended that because certain of the defendants are also charged in Count 26 with conspiring to possess with the intent to distribute and to distribute controlled substances, their medical conditions may be exculpatory with respect to that charge. I agree, and as to evidence such as that, relevant to the charges or defenses, I will deny the government's motion.

On the other hand, certain of the defendants say they wish to introduce evidence of their military service or disability to show their character, which is a different matter.

Federal Rule of Evidence 404(a)(1) permits in a criminal case, "evidence of a pertinent trait of character offered by an accused." However, "[u]nless evidence of character is an essential element of a charge, claim or defense, proof of character is limited to general good character (reputation as a good person and law abiding citizen) [and] [e]vidence of specific good acts is not admissible." *United States v. Gravely*, 840 F.2d 1156, 1164 (4th Cir. 1988) (citation omitted) (upholding exclusion of evidence of defendant's activities with the March of Dimes); *see also United States v. Santana-Camacho*, 931 F.2d 966, 967-68 (1st Cir. 1991) (holding that specific acts evidence showing that the defendant was "a kind person and a good family man" not admissible).

A defendant will be able to offer evidence, either in the form of reputation or opinion, *see* Fed. R. Evid. 405(a), as to his general good character for being law abiding, although of course such evidence allows the prosecution "to rebut the same," Fed. R. Evid. 404(a)(1).[1] If a defendant takes the stand as a witness, his credibility

---

[1] On cross-examination of a witness giving opinion or reputation testimony about the defendant's character, "inquiry is allowable into relevant specific instances of conduct." Fed. R. Evid. 405(a).

may be further supported by opinion or reputation evidence as to truthfulness, under certain circumstances. *See* Fed. R. Evid. 608(a).

While military service or disability is not admissible as character evidence in this case, I will allow a defendant who testifies to give a brief and straight-forward recitation of his life history, including employment and family details, simply as background evidence for the jury's benefit to judge his credibility.[2]

Accordingly, it is **ORDERED** that the government's motions (Doc. Nos. 192, 193) are granted in part and denied in part.

ENTER: February 11, 2010

/s/ JAMES P. JONES
Chief United States District Judge

---

[2] Of course, evidence of the religious beliefs or opinions of a witness is not admissible to enhance credibility. Fed. R. Evid. 610.